UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONICA NAPOLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-2383 RWS |
| | ) |
| DEPARTMENT OF THE TREASURY | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Monica Napoli for leave to commence this action without prepayment of the required filing fee. Having reviewed the financial information submitted in support, the Court will grant the motion and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). For the reasons explained below, the Court will order plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff Monica Napoli brings this civil case against one defendant, "Department of Treasury, Internal Revenue Service," alleging that defendant owes her $6,547.00. ECF No. 1 at 1-2 & 4. Plaintiff states as follows:

> The Plaintiff's 2018 Federal Income Tax Return was filed and accepted by the Internal Revenue Service on February 27, 2019. The Plaintiff has requested of the Internal Revenue Service why the tax return refund was being held and the Internal Revenue Service has not given any reason whatsoever why the tax return refund has not been issued to the taxpayer. The Plaintiff is in dire need of the refund having two young children and prays that a judgment be rendered against the defendant.

*Id.* at 5.

For relief, plaintiff requests $25,000 in damages for "careless and reckless behavior in holding her refund 5 months for no reason." *Id.*

**Discussion**

Unless Congress has specifically authorized an agency of the federal government, such as the Internal Revenue Service ("IRS"), to be sued in its own name, an action may not be maintained against that agency. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not specifically authorized suit against the IRS. Therefore, it is not a suable entity. S*ee, e.g., Higgins v. U.S.*, 2003 WL 21693717 at *1 (E.D. N.Y. May 27, 2003) (holding that IRS was not subject to suit in its own name); *Frasier v. Hegeman*, 607 F. Supp. 318, 322 (N.D. N.Y. 1985) (holding that a suit against the IRS is a suit against the United States); *Krouse v. U.S. Gov't Treasury Dep't IRS*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (holding that the Department of the Treasury and the IRS are not entities subject to suit). "District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented." *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915–16 (8th Cir. 1998). Because the IRS cannot be subject to suit, a case against the agency must be dismissed because this Court does not have jurisdiction over the claims.

Even if plaintiff had filed suit against the proper defendant, the United States, the Court notes that it appears that plaintiff has failed to exhaust her administrative remedies with respect to her claim. Pursuant to § 7422 of Title 26 of the United States Code, a taxpayer may only file suit for a refund after the taxpayer has filed an administrative claim for a refund. 26 U.S.C. § 7422(a).[1] If the administrative claim is denied, the taxpayer may then file a tax refund suit in the district court, but only within the time constraints provided in 26 U.S.C. §6532(a)(1).

---

[1] Section 7422(a) states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Compliance with these requirements is jurisdictionally required of the taxpayer before initiating the lawsuit.

In the instant case, the complaint fails to state any facts to meet the jurisdictional requirements of the statute.[2] Plaintiff states that she "requested" the IRS tell her why she has not received her refund, but she does not assert that she has filed a timely claim for a refund. *See* ECF No. 1 at 5. Thus, to the extent that this case can be construed as a refund action, this Court appears to lack subject matter jurisdiction to decide the claim. In light of the aforementioned, plaintiff will be required to show cause, within thirty (30) days of the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 4] is **GRANTED**. The filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or caused process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing, within **thirty (30) days** from the date of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

Dated this 30th day of October, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff initiated this suit by filing a form complaint titled "Complaint for a Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of Citizenship)." ECF No. 1 at 1. However, in the 'Basis for Jurisdiction' section of her complaint, plaintiff fails to complete most of the information and plaintiff admits that her damages do not exceed $75,000. *Id.* at 3-5. Regardless, diversity jurisdiction under 28 U.S.C. § 1332 is not a valid basis for jurisdiction here.