UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONICA NAPOLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-2383 RWS |
| ) | |
| DEPARTMENT OF THE TREASURY ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the response of *pro se* plaintiff Monica Napoli to the Court's Order to Show Cause dated October 30, 2019. In that Order, the Court granted plaintiff *in forma pauperis* status and then directed her to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 5. Presumably in response to that Order, plaintiff filed a document titled "Administrative Claim for Refund." ECF No. 6. Because the Court appears to lack subject matter jurisdiction to decide this case, this action will be dismissed without prejudice.

### Background

Plaintiff Monica Napoli filed this civil case against one defendant, "Department of Treasury, Internal Revenue Service," alleging that defendant owes her $6,547.00. ECF No. 1 at 1-2 & 4. Plaintiff states in her complaint as follows:

> The Plaintiff's 2018 Federal Income Tax Return was filed and accepted by the Internal Revenue Service on February 27, 2019. The Plaintiff has requested of the Internal Revenue Service why the tax return refund was being held and the Internal Revenue Service has not given any reason whatsoever why the tax return refund has not been issued to the taxpayer. The Plaintiff is in dire need of the refund having two young children and prays that a judgment be rendered against the defendant.

*Id.* at 5. For relief, plaintiff requests $25,000 in damages for "careless and reckless behavior in holding her refund 5 months for no reason." *Id.*

On October 30, 2019, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and found it subject to dismissal for lack of jurisdiction because the Internal Revenue Service ("IRS") defendant is not a suable entity. ECF No. 5 at 3. In addition, the Court found that even if plaintiff had named the proper defendant – the United States – it appears from the face of the complaint that plaintiff has failed to exhaust her administrative remedies with respect to her claim. As a result, the Court ordered plaintiff to show cause in writing, within thirty (30) days, why this case should not be dismissed for lack of subject matter jurisdiction.

On November 20, 2019, plaintiff filed a document titled "Administrative Claim for Refund" in which she states the same allegations verbatim as her complaint. ECF No. 6. Plaintiff again requests "$25,000 for careless and reckless behavior" but she updates the time delay in receiving her refund from 5 months to 9 months. Plaintiff has filed nothing else in response to the Court's Order to Show Cause.

**Discussion**

As stated previously by the Court, unless Congress has specifically authorized an agency of the federal government, such as the Internal Revenue Service ("IRS"), to be sued in its own name, an action may not be maintained against that agency. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not specifically authorized suit against the IRS. Therefore, it is not a suable entity. S*ee, e.g., Higgins v. U.S.*, 2003 WL 21693717 at *1 (E.D. N.Y. May 27, 2003) (holding that IRS was not subject to suit in its own name); *Frasier v. Hegeman*, 607 F. Supp. 318, 322 (N.D. N.Y. 1985) (holding that a suit against the IRS is a suit against the United States); *Krouse v. U.S. Gov't Treasury Dep't IRS*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (holding that the Department of the Treasury and the IRS are not entities subject to suit).

"District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented." *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915–16 (8th Cir. 1998). Because the IRS cannot be subject to suit, a case against the agency must be dismissed because this Court does not have jurisdiction over the claims.

Even if plaintiff had filed suit against the proper defendant, the United States, it appears that plaintiff has failed to exhaust her administrative remedies with respect to her claim. Pursuant to § 7422 of Title 26 of the United States Code, a taxpayer may only file suit for a refund after the taxpayer has filed an administrative claim for a refund. Specifically, the Code states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added). Compliance with these requirements is jurisdictionally required of the taxpayer before initiating a lawsuit.

In the instant case, plaintiff fails to state any facts to meet the jurisdictional requirements of the statute. Plaintiff claims that she "requested" the IRS tell her why she has not received her refund, but she does not assert that she has filed a timely claim for a refund. *See* ECF Nos. 1, 6. Plaintiff's attempt to file an Administrative Claim with this Court (ECF No. 6) in response to the Court's Order to Show Cause, is not sufficient. As stated in the Code above, the claim for a refund must be filed with the "Secretary." 26 U.S.C. § 7422(a). The term "Secretary" refers to the "Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B). Filing a document with this Court titled "Administrative Claim for Refund," does not satisfy the jurisdictional

requirement of filing a claim with the Secretary of the Treasury. As a result, this Court appears to lack subject matter jurisdiction to decide this claim and therefore, this case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

Dated this 10th day of December, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE